UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUSTAV LO & COURTNEY LO,

      Plaintiffs,

v.

CITY OF PETOSKEY,

      Defendant.

Case No. 1:25-cv-1027

Hon. Jane M. Beckering

| | |
|---|---|
| Jeffrey A. Turner (P85291)<br>MILLER JOHNSON<br>*Attorneys for Plaintiffs*<br>500 Woodward Ave., Suite 3600<br>Detroit, MI 48226<br>(313) 672-6950<br>turnerj@millerjohnson.com | Michael D. Homier (P60318)<br>Laura J. Genovich (P72278)<br>Melanie A. Assad (P86472)<br>FOSTER, SWIFT, COLLINS & SMITH, PC<br>*Attorneys for Defendant*<br>1700 E. Beltline Ave. NE, Suite 200<br>Grand Rapids, MI 49525<br>(616) 726-2200<br>mhomier@fosterswift.com<br>lgenovich@fosterswift.com<br>massad@fosterswift.com |

## **DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE UPON JURY DEMAND**

Defendant, City of Petoskey, through its attorneys, Foster, Swift, Collins & Smith, P.C., states as follows as its Answer to the Complaint:

1. Two decades ago, the City of Petoskey undertook an ambitious project *to* build a bike path along some of Lake Michigan's most beautiful shoreline.

**ANSWER:**    **Defendant acknowledges the existence of a bike path as generally described in Paragraph 1. Defendant lacks knowledge or information sufficient to form a**

1

belief as to the remaining allegations in Paragraph 1 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.

2.       This 1.4-mile stretch of shoreline, just west of downtown Petoskey, connected two portions of the Little Traverse Wheelway, a 26-mile paved path from Charlevoix to Petoskey (the "Resort Bluffs" section of the Wheelway).

**ANSWER:**    **Defendant acknowledges the existence of the "Resort Bluffs" section of the Little Traverse Wheelway as generally described in Paragraph 1. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

3.       Recognizing the importance of this project, many private homeowners, who owned much of the land along that stretch, agreed to grant the City of Petoskey an easement for the trail. The trail ran across a bluff along the water and was dubbed the "Miracle Mile" because of its sweeping views of Lake Michigan

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

4.     The Miracle Mile, however, literally came crashing back to earth.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

5.     In April 2020, erosion caused by rising water levels collapsed a significant portion of the Resort Bluffs section of the Wheel way into Lake Michigan. In response, the City of Petoskey blocked the entire 1 .4-mile section. The City redirected trail users to a path along U.S. 31, which runs parallel to the stretch of trail, and stopped maintaining the trail altogether.

**ANSWER:     Defendant admits that a portion of the Resort Bluffs section of the Wheelway collapsed due to natural causes. Defendant denies liability for this occurrence. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 5 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

6.     For more than five years, the City has prevented the public from accessing the Resort Bluffs section of the trail. And facing a restoration cost in excess of $20 million, the City has begun exploring other options to reroute the trail.

**ANSWER:     Defendant admits that multiple local agencies, including Defendant, Emmet County, Top of Michigan Trails Council, Resort Township, and the Little Traverse Bay of Odawa Indians have been working on strategies to address the broken trail connection. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6 and**

— FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS —

3

therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.

7.      In the meantime, the City of Petoskey has abandoned all interests in the crumbling and unusable trail. The City has stopped maintaining the Resort Bluffs section altogether, leading to significant overgrowth, fallen trees, and continued dangerous erosion. The City's failure has led the Plaintiffs-who own two of the shoreline properties-to spend more than $500,000 on shoreline erosion controls that were the City's obligations under the easement agreements.

**ANSWER:**    **Defendant denies the allegations in Paragraph 7 as untrue.**

8.      Having abandoned the Resort Bluffs stretch of trail, the City of Petoskey abandoned the underlying easements as a matter of law. These abandoned easements include those held by the Plaintiffs.

**ANSWER:**    **Paragraph 8 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations as untrue.**

9.      The Plaintiffs bring this action to quiet title to their land and extinguish the easements burdening the property.

**ANSWER:**    **Defendant denies that Plaintiffs are entitled to the relief they seek in Paragraph 9.**

## PARTIES

Defendant incorporates by reference all previous paragraphs as if fully set forth herein.

10.     Plaintiffs Gustav and Courtney Lo are individuals who are domiciled in the state of Florida. The Plaintiffs live in Florida most of the year, have Florida drivers' licenses, and file their tax returns in Florida. The Plaintiffs also own two adjoining parcels of land in Petoskey, Michigan that are at issue here: 2684 Charlevoix Avenue and 739 Arrowhead Shores Drive.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

11.     Defendant City of Petoskey is a political subdivision of the state of Michigan duly organized to carry out governmental functions under the laws of Michigan.

**ANSWER:   The allegations in Paragraph 11 are admitted.**

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(l) because there is complete diversity between the parties and the Plaintiffs' claims exceed $75,000.

**ANSWER:   Paragraph 12 states legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

5

13.     This Court has personal jurisdiction over the City of Petoskey because it resides in the State of Michigan.

**ANSWER:**     **Paragraph 13 states legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

14.     This Court also has personal jurisdiction over the City of Petoskey because the land at issue is located in the state of Michigan.

**ANSWER:**     **Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

15.     Venue is proper in this Court under 28 U.S.C. § 139l(b)(l) because the sole defendant in this action resides in the Western District of Michigan. Venue also is proper under § 1391(b)(2) because the property that is the subject of this action is located in Emmet County, in the Western District of Michigan.

**ANSWER:**     **Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

— FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS —

**FACTUAL ALLEGATIONS**

**A. The Little Traverse Wheelway**

16.    The Little Traverse Wheelway is a 26-mile long paved, non-motorized trail along the shores of Lake Michigan. The Wheel way extends from Harbor Springs to Petoskey.

**ANSWER:**    **The allegations in Paragraph 16 are admitted.**

17.    Approximately eight miles of the Wheelway are within the City of Petoskey.

**ANSWER:**    **The allegations in Paragraph 17 are admitted.**

18.    Parts of the Wheelway have been in use since the late 1800s. For many of those years, trail users accessed disconnected portions of the trail by using a portion of U.S. 31 in the western part of Petoskey.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

19.    In the early 2000s, the City of Petoskey sought to route the path away from U.S. 31 and closer to Lake Michigan. Much of that lakefront property, however, was privately owned. The property owners, willing to share the beauty of the Lake Michigan shoreline, granted easements to the City of Petoskey to develop that stretch of trail.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

7

20.    The stretch of trail built in the 2000s is commonly known as the "Resort Bluffs" portion of the Wheelway.

**ANSWER:    Upon information and belief, the allegations in Paragraph 20 are admitted.**

### B.  The Arrowhead Easement

21.    The Arrowhead Shores Condominium Association and the co-owners of the Arrowhead Shores Condominium(" Arrowhead Parties") granted one of those easements to the City of Petoskey in 2005. **Exhibit A** (the "Arrowhead Easement"). The Arrowhead Parties granted the Arrowhead Easement for the purpose of "developing and maintaining a non-motorized trail" across a portion of the Arrowhead Parties' property.

**ANSWER:    Defendant answers that Exhibit A speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

22.    The Arrowhead Easement required the City *to* "maintain and repair the trail ... to keep the Easement Area safe and passable." It also obligated the City to take "preventative erosion-control measures" and to pay all costs for trail maintenance.

**ANSWER:    Defendant answers that Exhibit A speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

**and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

23.    Plaintiff Courtney Lo purchased one of the condominium units burdened by the Arrowhead Easement in May 2013. **Exhibit B.** She later transferred title to both Plaintiffs in June 2016. **Exhibit C.** The address for the Plaintiffs' property is 739 Arrowhead Shores Drive.

<u>**ANSWER:**</u>    **Defendant answers that Exhibit B and Exhibit C speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

**C.  The 2684 Charlevoix Easement**

24.    A few years later, the City was granted an easement across a portion of the property located at 2684 Charlevoix Road (Tax ID No. 13-18-300-024). **Exhibit D** (the "2684 Charlevoix Easement").

<u>**ANSWER:**</u>    **Defendant answers that Exhibit D speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

25.    The purpose of the 2684 Charlevoix Easement, like the Arrowhead Easement, was for "developing and maintaining a non-motorized trail."

**ANSWER:**    **Defendant answers that Exhibit D speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

26.    Similarly, the 2684 Charlevoix Easement required the City to "maintain and repair the trail ... to keep the Easement Area safe and passable."

**ANSWER:**    **Defendant answers that Exhibit D speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

27.    The Plaintiffs purchased 2684 Charlevoix, which is adjacent to 739 Arrowhead Shores Drive, from Emmet County in October 2018. **Exhibit E.**

**ANSWER:**    **Defendant answers that Exhibit E speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

28.     The Arrowhead Easement and 2684 Charlevoix Easement are both on a bluff along the Lake Michigan coastline.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

### D.  Erosion causes part of the Wheelway to Collapse into Lake Michigan.

29.     Over the last few decades, Lake Michigan water levels have increased in volatility. In 2019 and 2020, Lake Michigan set monthly records for mean record high water levels.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

30.     High water levels have caused significant erosion and loss of coastal shoreline.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs**.

31.     To protect the shoreline, property owners have implemented a variety of erosion control mechanisms. The shoreline-protection mechanisms that owners have attempted range from seawalls, to bioengineering protections, to sandbags along the shoreline.

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

**ANSWER:**  **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

32.    The City of Petoskey, whose obligation it was to maintain the Arrowhead and 2684 Charlevoix Easements, failed to implement any erosion control measures along the Wheelway shoreline.

**ANSWER:**  **Defendant denies the allegations in Paragraph 32 as untrue.  By way of further answer, Defendant states that it implemented erosion control measures, which included landscaping designed to prevent erosion on both sides of the trail, and a drainage system was incorporated as part of the original construction, which was on City property.**

33.    Because the City of Petoskey failed to implement erosion control measures, in April 2020, approximately one hundred yards of the Wheelway collapsed into Lake Michigan:



FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

**ANSWER:**    **Defendant denies the allegations in Paragraph 33 as untrue.**

34.    The shoreline collapse rendered that portion of the Wheelway dangerous and completely impassable.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

35.    The closest public access points to this portion of the Wheelway are Magnus Park (in Petoskey) and East Park (in Bay Harbor).

**ANSWER:**    **Upon information and belief, the allegations in Paragraph 35 are admitted.**

36.    The City, therefore, closed the portion of the trail between those two public access points. This closed approximately 1.4 miles of the Wheelway. The City reinforced this closure by placing large construction blockades on each end of the 1.4-mile portion. These construction blockades have continuously been in place since April 2020.

**ANSWER:**    **Defendant denies the allegations in Paragraph 36 as untrue.  By way of further answer, the construction blockades were removed at Magnus Park and a fence was installed at the western point of the slope failed area.  There are two fence installations on both sides of the driveway in Arrowhead Shores.**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

37.    To accommodate Wheelway users, local authorities detoured users alongside U.S. 31, as they had done prior to building the Resort Bluffs portion of the Wheelway in 2008. In the summer tourism months, authorities have placed pylons along the shoulder of U.S. 31 to designate the path for the Wheelway.

**ANSWER:**    **Defendant denies the allegations in Paragraph 37 as untrue.  By way of further answer, no official detour was adopted by the local authorities.  Reflective delineators (not pylons) were installed on U.S. 31 to act as a visual barrier to non-motorized users if they choose to ride on the path.**

**E.   The City of Petoskey stops maintaining the Resort Bluffs portion of the Wheelway.**

38.    After the 2020 shoreline collapse, the City of Petoskey stopped maintaining the closed-off portion of the Wheelway entirely.

**ANSWER:**    **Defendant denies the allegations in Paragraph 38 as untrue.  By way of further answer, Defendant states that it has repaired the fence several times.**

39.    Because the City of Petoskey stopped maintaining the closed-off portion of the Wheelway, the easements crossing the Plaintiffs' two properties have become dangerous and overgrown with bushes, weeds, and fallen trees. The paved path has cracked and continues to deteriorate; both partial collapse and loss of paved path continues to expand. Further, the ice storm in March 2025 caused several trees to fall into the path.

**ANSWER:**    **Defendant denies any liability implied by Paragraph 39. Defendant lacks knowledge or information sufficient to form a belief as to the remaining**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

**allegations in Paragraph 39 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

40.    Except for a 50-yard section adjacent to the East Park blockade, the City of Petoskey has not cleaned up or maintained any of this land.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

41.    For instance, two photographs from July 2025 demonstrate the condition of the path on Plaintiffs' property:





15

<div style="writing-mode: vertical-rl">FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS</div>

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

42.    Because the City of Petoskey blocked off the Wheelway in both directions, there have been no official trail users on the portion of the path crossing the Plaintiffs' properties since April 2020.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

43.    The City of Petoskey also failed to implement erosion prevention measures, either before or after the collapse of the Wheel way.

**ANSWER:**    **Defendant denies the allegations in Paragraph 43 as untrue.  By way of further answer, Defendant states that it has implemented erosion control measures, which included landscaping designed to prevent erosion on both sides of the trial, and a drainage system was incorporated as part of the original construction, which was on City property.**

44.    In 2021, after the City failed to act, the Plaintiffs spent more than $500,000 to develop a limestone seawall as an erosion prevention mechanism and rebuild the slope up to the collapsing trail (which includes the easement area itself).

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

**F.  The City of Petoskey abandons plans to restore the Resort Bluffs portion of the Wheelway.**

45.    The City of Petoskey maintained for several years that it intended to restore the Resort Bluffs portion of the Wheelway.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

46.    In 2023, the City of Petoskey received an $800,000 grant from the Michigan Department of Environment, Great Lakes, and Energy to develop a restoration plan for the Resort Bluffs portion of the Wheelway.

**ANSWER:**    **Defendant denies the allegations in Paragraph 46 as untrue.  By way of further answer, Defendant states that in 2023, the City was approved an $800,000 reimbursement grant from the Michigan Department of Environment, Great Lakes, and Energy.  The City receives a quarterly reimbursement based on expenditures.**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

47.     The restoration plan, however, proved far more difficult than the City anticipated.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

48.     To restore and stabilize the Resort Bluffs portion of the Wheelway, the City of Petoskey first needed to address the slope instability and coastal erosion issues that caused the collapse in the first place.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

49.     The project engineering firm hired by the City of Petoskey told the Petoskey City Council in October 2024 that repairing and protecting the shoreline would cost at least $20 million.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

50.     From there, the project manager estimated the trail would need to be rebuilt with more than 100,000 tons of cobblestones and a bridge to span the portion that collapsed into Lake Michigan.

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

51.    City officials told Plaintiffs that the estimated total cost of restoration is $30-40 million.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

52.    This cost estimate is beyond what the City of Petoskey can afford. Therefore, on information and belief, City officials have determined not to restore the Resort Bluffs portion of the Wheelway.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 52 and therefore neither admits nor denies the remaining allegations but leaves Plaintiffs to their proofs.**

53.    Stakeholders have already begun examining alternative paths. For instance, the Top of Michigan Trails Council-a nonprofit organization that advocates for trail development in northern Michigan-commissioned an engineering study for a "new section of trail" that would serve as an "alternative route for the Wheelway." **Exhibit F.**

**ANSWER:**    **Defendant answers that Exhibit F speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant lacks knowledge**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

or information sufficient to form a belief as to the allegations in Paragraph 53 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.

## CAUSES OF ACTION

**A. Count 1: Action to Determine Interests in Land (MCL 600.2932).**

54.    The Plaintiffs reallege Paragraphs 1 through 53 as if set forth herein.

**ANSWER:    Defendant incorporates by reference all previous paragraphs as if fully set forth herein.**

55.    The Plaintiffs assert fee simple interest in the land at issue. The Plaintiffs' title to the land is evidenced by Exhibits C and E, which are recorded at Liber 1186, Page 318 and Liber 1207, Page 568 in the Emmet County Register of Deeds.

**ANSWER:    The cited Exhibits speak for themselves.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

56.    This action relates to two easements granted to the City of Petoskey. The first easement was recorded on July 13, 2005 in Liber 1067, Page 660, Emmet County Register of Deeds. **Ex. A.** The second easement was recorded on February 26, 2008 in Uber 1099, Page 769, Emmet County Register of Deeds. **Ex. D.**

**ANSWER:    The cited Exhibits speak for themselves.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the**

— FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS —

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

**allegations in Paragraph 56 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

57.    Both easements were granted for the particular purpose of "developing and maintaining a non-motorized trail for public use." **Exs. A, D.**

**ANSWER:**    **The cited Exhibits speak for themselves.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 57 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

58.    The City of Petoskey abandoned the easements crossing the Plaintiffs' property after the portion of the Wheelway collapsed into Lake Michigan.

**ANSWER:**    **Defendant denies the allegations in Paragraph 58 as untrue.**

59.    The acts evidencing the City's abandonment of the easements include:

a.    The City has placed large construction barriers to prevent all access to the Resort Bluffs portion of the Wheel way since this now-dangerous portion collapsed into Lake Michigan in April 2020;

b.    The City redirected Wheelway users to the path along U.S. 31, including using traffic cones to delineate the path;

c.    The City has failed to maintain the portions of the trail that did not collapse into Lake Michigan;

d.  Stakeholders have examined the feasibility of other paths to connect the Wheelway;

e.  The City has admitted the cost to restore the path exceeds $20 million, a sum the City cannot afford.

**ANSWER:**    **Defendant denies the allegations in Paragraph 59, including subparagraphs a. through e., as untrue.**

60.    Because the City abandoned the easements, the easements are extinguished.

**ANSWER:**    **Paragraph 60 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied as untrue.**

61.    The Plaintiffs are entitled to an order quieting title to clarify that the property owned by the Plaintiffs is unencumbered by easements previously granted to the City of Petoskey.

**ANSWER:**    **Defendant denies the allegations in Paragraph 61 as untrue.**

**WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' action in its entirety; award Defendant its costs and attorney fees; and grant such other relief as this Court deems just and proper.**

**B.  Count 2: Breach of Easement Agreement**

62.    The Plaintiffs reallege Paragraphs 1 through 61 as if set forth herein.

**ANSWER:**    **Defendant incorporates by reference all previous paragraphs as if fully set forth herein.**

63.     This cause of action is raised in the alternative to Count 1

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

64.     The Plaintiffs are the owners of property previously encumbered by easements granted to the City of Petoskey.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

65.     The easements, by their plain terms, required the City of Petoskey to:

    a.   "maintain and repair the trail, including mowing, sweeping, maintaining signage, and removing debris, as needed to keep the Easement Area safe and passable;"

    b.   take "preventative-erosion-control measures" if there are "potential erosion sites within the Easement Area" (Arrowhead Easement only);

    c.   "not interfere with Grantor's normal use of its property."

**ANSWER:**     **The cited exhibit speaks for itself.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

66.    The City of Petoskey has breached these easement agreements in at least the following ways:

   a.  Failed to maintain or repair the trail for more than five years, leading to dangerous conditions involving substantial debris and damage to the Plaintiffs' property.

   b.  Failed to take preventative erosion-control measures on the easements burdening the Plaintiffs' property.

   c.  Interfered with the Plaintiffs' normal use of property.

**ANSWER:**    **Defendant denies the allegations in Paragraph 66, including subsections a. through c. as untrue.**

67.    The easements on the Plaintiffs' property are neither safe nor passable.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

68.    There are potential (and actual) erosion sites within the easement area granted to the City of Petoskey.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

69.    The Plaintiffs' normal use of property has been interfered with by the significant damage to the easements.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 and therefore neither admits nor denies the allegations but leaves Plaintiffs to their proofs.**

70.    If a Court were to determine the easement agreements continue to burden Plaintiffs' property, the Plaintiffs are entitled to damages in an amount to be determined by a jury for the City of Petoskey' s breaches of the easement agreement. Among the damages Plaintiffs are entitled to recover include:

  a.    The cost of erosion-control measures Plaintiffs previously implemented on their land;

  b.    The cost to remove the debris from the easement area.

  c.    The cost to construct a path across the Plaintiffs' land that is safe and passable given the erosion damage that has already occurred;

  d.    The costs associated with loss of quiet enjoyment of property from the City's interference with Plaintiffs' normal use of property.

**ANSWER:**    **Defendant denies that Plaintiffs are entitled to the relief they seek in Paragraph 70, including subparagraphs a. through d.**

**WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' action in its entirety; award Defendant its costs and attorney fees; and grant such other relief as this Court deems just and proper.**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

## JURY TRIAL DEMAND

71.    Plaintiffs respectfully demand a jury trial on all issues so triable.

**ANSWER:**    **Defendant hereby relies upon Plaintiffs' Jury Demand.**

**WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' action in its entirety; award Defendant its costs and attorney fees; and grant such other relief as this Court deems just and proper.**

Respectfully submitted,

FOSTER SWIFT COLLINS & SMITH PC
Attorneys for Defendant

Dated: October 17, 2025          By:    /s/ Laura J. Genovich
                                         Michael D. Homier (P60318)
                                         Laura J. Genovich (P72278)
                                         Melanie A. Assad (P86472)
                                         1700 East Beltline, N.E., Suite 200
                                         Grand Rapids, MI  49525
                                         (616) 726-2200

## **AFFIRMATIVE DEFENSES**

Defendant, City of Petoskey, through its attorneys, Foster, Swift, Collins & Smith, P.C., states as follows for its Affirmative Defenses:

1.     Plaintiff's claims may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2.     Plaintiff's claims may be barred, in whole or in part, because it lacks standing to bring the claims stated in the Complaint.

3.     Plaintiff's claims may be barred, in whole or part, due to failure to join a necessary party.

4.     Plaintiff's claims may be barred, in whole or part, for failure to exhaust administrative remedies.

5.     Defendant's actions are authorized by law.

6.     Defendant's actions represent political or policy decisions that are not reviewable by this Court.

7.     Plaintiffs have failed to properly plead a claim of quiet title.

8.     Plaintiffs' claims may be barred by the statute of frauds.

9.     The equitable relief Plaintiffs seek is barred, in whole or in part, by the equitable doctrine of laches.

10.     The relief Plaintiffs seek is barred, in whole or in part, by estoppel or waiver.

11.     The equitable relief Plaintiffs seek is barred, in whole or in part, by the equitable doctrine of "unclean hands."

12.     Defendant objects to the misjoinder and nonjoinder of parties and causes of action.

13.     Plaintiffs' claim, if successful, would result in an unjust enrichment.

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

14.     Plaintiffs' prayer for relief is inequitable, overreaching, and its benefit to Plaintiffs is far outweighed by the greater prejudice and burden it would impose upon Defendant.

15.     Plaintiffs have other available remedies in law and equity without creating the great hardship to Defendant as Plaintiffs are seeking in this cause of action.

16.     Plaintiffs may be estopped from bringing or maintaining this action by reasons of their own actions, omissions, statements, and/or conduct.

17.     Plaintiffs' claims may be barred by the statute of repose.

18.     Plaintiffs' claims may be barred by the doctrine of acquiescence.

19.     Plaintiffs' claims may be barred, in whole or in part, because they have failed to name all of the necessary parties to this litigation.

20.     Plaintiffs' have failed to mitigate their damages.

21.     Defendant reserves its right to amend and supplement these affirmative defenses.


Respectfully submitted,

FOSTER SWIFT COLLINS & SMITH PC
Attorneys for Defendant

Dated: October 17, 2025          By:     /s/ Laura J. Genovich
                                         Michael D. Homier (P60318)
                                         Laura J. Genovich (P72278)
                                         Melanie A. Assad (P86472)
                                         1700 East Beltline, N.E., Suite 200
                                         Grand Rapids, MI  49525
                                         (616) 726-2200

## <u>RELIANCE UPON JURY DEMAND</u>

Defendant, City of Petoskey, through its attorneys, Foster, Swift, Collins & Smith, P.C.,

hereby makes a Jury Demand.

<div style="margin-left:40%">

Respectfully submitted,

FOSTER SWIFT COLLINS & SMITH PC
Attorneys for Defendant

</div>

Dated: October 17, 2025       By:   /s/ Laura J. Genovich
                                           Michael D. Homier (P60318)
                                           Laura J. Genovich (P72278)
                                           Melanie A. Assad (P86472)
                                           1700 East Beltline, N.E., Suite 200
                                           Grand Rapids, MI  49525
                                           (616) 726-2200

89677:00004:202046528-1

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS